IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ASSOCIATE CONSTRUCTION, INC. | : | CASE NO. 3:04CV0046 |
| | : | (Judge Walter H. Rice) |
| Plaintiff | : | (Magistrate Judge Michael Merz) |
| | : | |
| v. | : | |
| | : | **AGREED MODIFICATION TO** |
| VILLAGE OF GERMANTOWN, OHIO | : | **AGREED ORDER** |
| | : | |
| Defendant. | : | |

Plaintiff, Associate Construction, Inc. ("ACI") commenced this action against Defendant Village of Germantown ("Germantown"), alleging that it was the owner of a certain tract of land located in the City of Germantown, Montgomery County, Ohio, known as Lot Nos. 1089, 1100 and 1101 and more fully described in "Exhibit A" (the "Property"), that the Property was zoned "agricultural," that this zoning classification unconstitutionally deprived it of any economically viable use for the Property, and sought an order declaring the existing zoning unconstitutional and damages.

On May 6, 2005, ACI and Germantown entered into an Agreed Order to resolve this action. Among other things, the Agreed Order provided for the Property to be rezoned from agricultural to R1-AA and C-1 with a Planned Unit Development overlay. The Agreed Order also contained provisions for the area zoned as C-1 ("Commercial Area") to be divided into two

EXHIBIT 1

sections (Phases I and II), for the creation of Tax Increment Financing ("TIF") with ACI guaranteeing payments, and for development milestones. Of import here, the Agreed Order provided that if certain percentages of Phases I and II had not been developed within a certain time, land within Phase II of the Commercial Area would revert to an agricultural zoning designation. Hickory Pointe Development, Ltd. ("Hickory Pointe") is now the owner of the land located in Phase II of the Commercial Area.

The Agreed Order was entered in 2005, and beginning in 2008, an economic crash severely impacted the United States, Ohio, and especially the Greater Miami Valley Region. Nonetheless, ACI completed all the work provided by the TIF and never missed a TIF payment to Germantown. ACI and Hickory Pointe, however, did not meet the development milestones provided in the Agreed Order.

Recently a third party has raised concerns as to whether Germantown properly approved the rezoning provided for in the Agreed Order. On July 23, 2015, the Court entered an Order holding that the rezoning provided by the Agreed Order had to be accomplished by legislative action, but expressed no opinion as to whether Germantown had enacted such legislation before or after the entry of the Agreed Order. Germantown believes that by authorizing its counsel to execute the Agreed Order, Germantown in fact gave legislative approval to re-zone the Property, and Germantown recently adopted a Resolution confirming that legislative intent, a copy of which is attached as Exhibit A. To remove any doubt, Germantown has enacted an ordinance as well.

At this point, in light of ACI's performance of its obligations under the Agreed Order, and to resolve any further issues regarding the re-zoning of the Property provided by the Agreed Order, the parties have asked the Court to remove paragraph F of the Agreed Order, which

provided for phased development and a reversion of the zoning for Phase II back to agricultural if the development milestones were not met. The effect of doing so would be to zone Phase II as being C-1 with a Planned Unit Development overlay.

Approving this modification will align the Agreed Order with the intent and actions executed by the Parties since they entered into the Agreed Order in mid-2005. Attached hereto are the official zoning maps Germantown caused to be created, and under which Germantown has conducted it official affairs. March 21, 2006 Zoning Map, Exhibit B; June 2007 Zoning Map, Exhibit C; October 2012 Zoning Map, Exhibit D.

For good cause shown, the Court grants the parties' request, noting that to effect the rezoning that would occur through the elimination of this provision of the Agreed Order will also require legislative approval by Germantown. In an abundance of caution, Germantown approves this modification by both Resolution and Ordinance, attached as Exhibit E and F respectively. Accordingly, paragraph F of the Agreed Order is hereby eliminated.

IT IS SO ORDERED:

_____
Judge

s/ Scott A. King
Scott A. King (#0037582)
Jeremy D. Smith (#0088539)
THOMPSON HINE LLP
Austin Landing I
10050 Innovation Drive, Suite 400
Miamisburg, Ohio 45342
Telephone: (937) 443-6560
Facsimile: (937) 443-6635
E-mail: Scott.King@Thompsonhine.com
Jeremy.Smith@Thompsonhine.com
*Attorneys for Associate Construction, Inc. and Hickory Pointe Development, Ltd.*

s/ Lynnette Dinkler
Lynnette Dinkler (#0065455)
lynnette@dinklerpregon.com
DINKLER PREGON LLC
5335 Far Hills, Suite 123
Dayton, OH 45429
Telephone: (937) 426-4200
Facsimile: (866) 831-0904
*Attorney for Defendant,*
*Municipality of Germantown*